J-S64016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEENAN DWAYNE FRYE, | |
| Appellant | No. 298 WDA 2014 |

Appeal from the Judgment of Sentence Entered November 26, 2013
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0004269-2012

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 08, 2014**

Appellant, Keenan Dwayne Frye, appeals from the judgment of sentence of a mandatory minimum term of five years' incarceration, imposed after he was convicted of various drug and firearm related offenses.  On appeal, Appellant challenges the sufficiency and weight of the evidence to sustain his convictions.  While we conclude those arguments are meritless, we are nevertheless compelled to *sua sponte* deem Appellant's mandatory sentence illegal under this Court's recent decision in *Commonwealth v. Newman*, 2014 WL 4088805 (Pa. Super. 2014) (*en banc*).  Accordingly, we vacate Appellant's judgment of sentence and remand for resentencing.

Appellant was arrested and charged with attempted murder, aggravated assault, recklessly endangering another person (REAP), carrying a firearm without a license, possession with intent to deliver a controlled

substance (PWID), possession of drug paraphernalia, and possession of a controlled substance. At Appellant's jury trial,

> [t]he Commonwealth's evidence … established that on October 17, 2012, Joshua Grimm arranged to meet [Appellant], Kennan Frye, at a location in Mount Pleasant, Westmoreland County, Pennsylvania. The purpose of this meeting, according to Grimm, was to fight [Appellant] because [Grimm] believed [Appellant] had assaulted a family member. [Grimm] testified that he set up this meeting on the pretense that he was going to buy marijuana from [Appellant]; however, as Grimm also testified, he never intended to really buy the marijuana from [Appellant]. Accompanied by four friends, Grimm went to the arranged location and met with [Appellant]. His friends hid themselves nearby while Grimm met [Appellant] and engaged in conversation. [Appellant] handed Grimm what Grimm believed to be a bag of marijuana, and Grimm initiated a fight with [Appellant] by spraying him with pepper spray. Grimm admitted that he and [Appellant] struggled and Grimm knocked [Appellant] down onto his back. As Grimm stood above [Appellant], warning [Appellant] not to "put his hands" on Grimm's family, Grimm saw the muzzle of a gun and then saw gunfire from [Appellant's] waistline and realized that he had been shot. He ran back to his friends, shouting that he had been shot. Grimm was treated at Frick Hospital and UPMC in Pittsburgh for his gunshot wounds, and has made a full recovery.

> [Appellant] fled the area of the incident immediately after the shooting. Pennsylvania State Trooper Matthew Hartman testified that he was dispatched on October 17, 2012[,] at the beginning of his shift at approximately 11:00 p.m. to Mount Pleasant to respond to a reported shooting. After speaking with Officer Zilli of the Mount Pleasant Police Department, Trooper Hartman went to [Appellant's] mother's apartment in an attempt to locate him. Although that initial attempt was unsuccessful, police did finally locate [Appellant], who was 18 years old, walking along Route 31 outside of Mount Pleasant Borough. Trooper Brian Pollock testified that he also responded to the dispatch, and he and his partner located [Appellant], who was dressed in dark clothing and [was] carrying a backpack. [Appellant] immediately raised his hands and said, "It's in my backpack, it's in my backpack." Inside the backpack, Trooper Pollock found a five-shot revolver that was fully loaded. As

Trooper Pollock was examining the gun for safety, [Appellant] stated[,] "Be careful, there should be one live round in it." When Trooper Pollock noted that the gun was fully loaded, [Appellant] stated, "I wasn't sure if his friends were going to come after me." During his cursory search of the backpack, Trooper Pollock also found what he believed to be bags of marijuana and ammunition. A more thorough search of the backpack was performed at a later time by Detective Timothy Sethman of the Westmoreland County Detective Bureau. In the backpack, Detective Sethman found a box containing 19 bullets (Winchester .28 Special 130 grain), a black nylon Uncle Mike's holster, a purple Crown Royal bag containing two spent bullet casings, two separate bullet casings, [Appellant's] Pennsylvania photo identification card, a digital scale, an opened box of clear plastic baggies, a zipper hooded Air Jordan jacket, and a clear plastic bag containing six individual clear plastic baggies of marijuana.[2] Detective Anthony Marcocci testified as an expert in narcotic investigations and illegal drug sales. Det. Marcocci acknowledged that the weight of the marijuana did not preclude the possibility that [Appellant] could have possessed the marijuana for personal use. However, considering the amount of marijuana and the manner in which it was packaged, as well as the paraphernalia (the plastic baggies and digital scale) that was found in [Appellant's] possession and which was located in close proximity to the marijuana, and finally the fact that [Appellant] was in possession of a gun, Det. Marcocci opined that [Appellant] possessed the marijuana with the intent to deliver it to another person or persons rather than for his own personal use.

_____

[2] The laboratory analysis of the vegetable material found in [Appellant's] backpack found that the material was in fact marijuana and weighed 34.6 grams.

Trial Court Opinion (TCO), 4/2/14, at 2-4 (one footnote and citations to record omitted).

Based on this evidence, the jury acquitted Appellant of attempted murder, aggravated assault, and REAP, but convicted him of the remaining drug and firearm offenses with which he was charged. On October 3, 2013,

the court sentenced Appellant to a mandatory term of 5 to 10 years' incarceration for the PWID conviction under 42 Pa.C.S. § 9712.1.[1]  The court also imposed a concurrent term of 1 to 2 years' incarceration for Appellant's firearm offense, but no further penalty for his remaining convictions.  On November 26, 2013, Appellant was resentenced for his PWID conviction to a flat term of five years' incarceration pursuant to section 9712.1 and

_____

[1]  That statute states, in pertinent part:

> **(a) Mandatory sentence.--**Any person who is convicted of a violation of section 13(a)(30) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.
>
> …
>
> **(c) Proof at sentencing.--**Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9712.1(a), (c).

*Commonwealth v. Kleinicke*, 895 A.2d 562 (Pa. Super. 2006) (*en banc*)."[2] TCO at 1. Appellant filed timely post-sentence motions, which the court denied. He then filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Herein, Appellant raises two questions for our review:

I. Whether the evidence was insufficient to sustain the verdict[?]

II. Whether the verdict was against the weight of the evidence[?]

Appellant's Brief at 6.

Before addressing these issues, we are compelled to *sua sponte* address the legality of Appellant's mandatory sentence of five years' incarceration, imposed under 42 Pa.C.S. § 9712.1. *See Commonwealth v. Randal*, 837 A.2d 1211, 1214 (Pa. Super. 2003) (stating "challenges to '[a]n illegal sentence can never be waived and may be raised *sua sponte* by this Court'"). In this Court's recent *en banc* decision in *Newman*, we held that "the sentencing practice under Section 9712.1 is unconstitutional" in light of *Alleyne v. U.S.*, 133 S.Ct. 2151, 2160-2161 (2013) (holding that

_____

[2] The trial court was required to impose a 5-year sentence because that term was mandated by 42 Pa.C.S. § 9712.1(a). However, the court recognized that to impose an indeterminate sentence of 5 to 10 years' incarceration would have resulted in sentence that exceeded the statutory maximum of 5 years' imprisonment applicable to Appellant's PWID conviction. Therefore, relying on *Kleinicke*, the court imposed a flat 5-year term of imprisonment.

any fact that serves to aggravate the minimum sentence must be found by the fact-finder beyond a reasonable doubt).[3]  **Newman**, 2014 WL 4088805 at *1, *10.  We also rejected the Commonwealth's argument "that Subsection (a) of Section 9712.1, which sets the predicate for the mandatory minimum sentence, survives constitutional muster and that only Subsection (c), which directs that the trial court shall determine the predicate of Subsection (a) by a preponderance of the evidence, fails." **Id.** at *13.  Instead, we held that "Subsections (a) and (c) of Section 9712.1 are essentially and inseparably connected" and, therefore, the unconstitutional portion of the statute could not be severed from the rest.  **Id.**

In light of **Newman**, it is clear that section 9712.1 is unconstitutional as a whole and, thus, Appellant's mandatory minimum sentence imposed under that statute is illegal.  Accordingly, we vacate Appellant's judgment of sentence for the PWID offense, and remand for resentencing without consideration of any mandatory minimum sentence provided by section 9712.1.

_____

[3] Because both **Alleyne** and **Newman** were decided during the pendency of Appellant's direct appeal, they apply retroactively to his case.  **See Newman**, 2014 WL 4088805, at *2 (noting the United States Supreme Court's holding that "[w]hen a decision of this Court results in a 'new rule,' that rule applies to all criminal case still pending on direct review") (quoting **Schriro v. Summerlin**, 542 U.S. 348, 351 (2004) (citation omitted)).

Despite our disposition in this regard, we will address Appellant's challenges to the sufficiency and weight of the evidence to sustain his convictions. First,

> [i]n reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. *Commonwealth v. Moreno*, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. *Commonwealth v. Hartzell*, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. *Moreno, supra* at 136.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

Here, Appellant avers that the evidence was insufficient to support his PWID conviction because police did not discover in his possession any "large amounts of money, owe sheets, cell phones, or an amount of drugs consistent with distribution." Appellant's Brief at 13. He emphasizes that the Commonwealth's expert, Detective Marcocci, admitted that the quantity of drugs discovered in Appellant's possession could have been for personal use. Appellant also contends that "there is an absolute lack of evidence" tying him to the backpack containing the drugs, and that "[t]here can be an equal inference that the backpack was actually Grimm's and [that Appellant] grabbed it as he left the scene." *Id.* at 13.

Similarly, Appellant maintains that his conviction for possession of a firearm without a license cannot be sustained because "there was no nexus

between [Appellant] and this specific weapon[,]" and there was no physical evidence tying Appellant to the gun. Appellant's Brief at 14. Instead, Appellant claims that the evidence suggested the gun belonged to Grimm. Appellant further argues that his convictions for possession of a controlled substance and possession of drug paraphernalia were not supported by sufficient evidence because "there [was] no proof that the items were possessed by [Appellant]." *Id.*

Appellant's arguments are clearly meritless. First, there was ample evidence to prove that Appellant possessed the backpack and its contents. Namely, Appellant was wearing the bag on his back when police detained him, his photo identification card was found inside, and when the police approached him, he raised his hands and stated, "[I]t's in *my* backpack, it's in *my* backpack." N.T. Trial, 7/9/13, at 132 (emphasis added). The fact that police found marijuana, a digital scale, and plastic baggies inside the backpack was sufficient to prove that Appellant possessed a controlled substance and drug paraphernalia. Additionally, a gun was discovered inside Appellant's backpack, and it was clear Appellant knew about the weapon because he told police its location and informed them that it was loaded. Thus, Appellant's conviction for possessing a firearm without a license was also supported by adequate evidence.

In regard to Appellant's PWID conviction, the discovery in Appellant's backpack of marijuana packaged into separate plastic baggies, more unused plastic baggies, a digital scale, and a gun was compelling evidence.

Moreover, while Detective Marcocci recognized that the total amount of drugs could have been consistent with personal use, he ultimately opined that it was possessed with intent to deliver in light of the drug paraphernalia and Appellant's possession of a gun. Grimm also testified that Appellant met him in order to sell him marijuana. Based on the totality of this evidence, the jury was able to conclude, beyond a reasonable doubt, that Appellant committed PWID. *See Commonwealth v. Jackson*, 645 A.2d 1366, 1368 (Pa. Super. 1994) (stating that where the quantity of a controlled substance does not make it clear whether it was possessed for personal use or distribution, other factors to consider in determining whether defendant intended to deliver the drugs include "the manner in which the controlled substance was packaged, … the presence of drug paraphernalia, … [and] expert opinion testimony" regarding "whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use").

Lastly, Appellant challenges the weight of the evidence to sustain his convictions.

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has

been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

***Commonwealth v. Houser***, 18 A.3d 1128, 1135-1136 (Pa. 2011) (citations and internal quotation marks omitted).

In support of his challenge to the weight of the evidence, Appellant solely avers that Grimm's "testimony was consistently contradictory and the Commonwealth failed to link [Appellant] to the items in question, namely the weapon and the drugs. The evidence, and the lack of evidence, proves that this verdict shocks 'one's sense of justice.'" Appellant's Brief at 14-15. In rejecting this claim, the trial court relied on its summary of the evidence presented by the Commonwealth at Appellant's trial, and concluded that it "was of adequate weight to support the verdict of the jury…." TCO at 5 (unpaginated). Based on our discussion, *supra*, our review of the record, and Appellant's cursory argument on appeal, we ascertain no abuse of discretion in the court's decision to deny his weight of the evidence claim.

Accordingly, we conclude that Appellant's challenges to the weight and sufficiency of the evidence are meritless. However, under ***Newman***, his mandatory sentence of five years' incarceration imposed under 42 Pa.C.S. § 9712.1 is illegal. Consequently, we vacate his judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/8/2014</u>